Robert HOLLIDAY; et al.,
Plaintiffs—Appellants,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 03-16594.
D.C. No. CV-02-01375-MHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 19, 2004.[*]

Decided Aug. 10, 2004.

Robert Holliday, Johnnie Ann Holliday, Phoeniz, AZ, for Plaintiffs-Appellants.

Paul K. Charlton, Phoenix, AZ, Richard A. Latterell, Esq., Richard Farber, Esq., John A. Nolet, Attorney, Washington, DC, for Defendant-Appellee.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Robert Holliday and Johnnie Ann Holliday seek declaratory relief and a tax refund for the years 1991, 1992 and 1993. The Commissioner of Internal Revenue assessed taxes, penalties and interest for the three years in question. The Hollidays filed Internal Revenue Form 1040s showing zero tax due, and sought a declaration that they had zero tax liability. The district court granted the government's motion to dismiss for lack of subject matter jurisdiction, and we review de novo. *See Skokomish Indian Tribe v. United States,* 332 F.3d 551, 556 (9th Cir.2003).

For sovereign immunity to be waived in a tax refund suit, the taxpayer must pay the assessed taxes before filing a refund suit. 28 U.S.C. § 1346(a)(1); *Flora v. United States,* 357 U.S. 63, 75, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). The Hollidays do not allege payment of the assessed taxes or provide any proof of payment. Further, the Hollidays cannot maintain a suit seeking a declaration with respect to federal taxes. *See* 28 U.S.C. § 2201(a). We therefore affirm the district court's dismissal.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

